IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40242-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| PATRICK WEST, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Patrick West appeals after a jury convicted him of delivery of a controlled substance and controlled substance homicide. He argues his convictions should be reversed because his attorney—who became a part-time court commissioner in the midst of representation—had a direct concurrent conflict of interest. West's argument is based on the mistaken notion that a court commissioner's client is the State. We reject his argument and affirm.

FACTS

In October 2021, the State charged Patrick West with delivery of a controlled substance and controlled substance homicide. The charges stem from an incident where the effects of LSD that West sold caused the purchaser to become delusional and jump out of a fourth-story window to his death.

In early February 2022, West retained attorney James Kirkham. In April 2023, Kittitas County superior court judges appointed Kirkham to be a court commissioner. Kirkham typically worked one 8-hour day per week.

West's trial commenced on January 3, 2024. Two days later, during a recess, the State raised concerns about Kirkham's role as a court commissioner. It noted that Kirkham's court commissioner nameplate was on the court clerk's desk where the jury might see it. The trial court ordered the nameplate removed from the jurors' view. The State also noted that Kirkham had been going through a door leading to a hallway and to his office and said jurors might see him in those areas and be confused. Both counsel and the court then addressed procedures for minimizing the chance that jurors might see Kirkham in the restricted areas. West does not contend any juror saw Kirkham in those areas.

At the trial's conclusion, the jury convicted West on both charges. He appeals his convictions to this court.

ANALYSIS

Citing Rule of Professional Conduct (RPC) 1.7, West argues that Kirkham had a concurrent conflict of interest because Kirkham's representation of him was directly

No. 40242-8-III
*State v. West*

adverse to Kirkham's duties to Kittitas County and the State of Washington. We

disagree.

A concurrent conflict of interest exists if "the representation of one client will be

directly adverse to another client." RPC 1.7(a)(1).[1]  Whether a prohibited conflict of

interest exists is a question of law. *Eriks v. Denver*, 118 Wn.2d 451, 457-58, 824 P.2d

1207 (1992).

A court commissioner, similar to a judge, does not represent a client. This

nonadvocate role permits either to rule in cases where a county or a state is a party. The

notion that a court commissioner or a judge has a conflict of interest due to their

employment is unsupported by any authority and would cast doubt on over a century of

criminal convictions. We reject West's argument that Kirkham had any sort of a duty to

the county or the state that precluded his representation as defense counsel under

RPC 1.7(a)(1).[2]

---

[1] West does not contend that a conflict of interest existed under RPC 1.7(b)(2), so we do not discuss this question.

[2] West also cites RPC 1.11(d)(i), which precludes a former government lawyer from participating as a private attorney in a matter in which they had earlier personally and substantially participated in, unless the government agency consents in writing. That rule has no application here.

3

Relatedly, West argues that Kirkham's role as a part-time court commissioner violated the appearance of fairness doctrine. In support of his argument, he cites *State v. Nickels*, 195 Wn.2d 132, 456 P.3d 795 (2020). There, the court discussed RPC 1.10 and 1.11 and held that the entire prosecutor's office was properly disqualified from a case in which the elected prosecutor had represented the defendant before being elected. *Id.* at 138. The *Nickels* court emphasized that its holding was compelled by its "mandate to preserve the public's confidence in the impartial administration of justice and the appearance of a just proceeding." *Id.*

The principles described in *Nickels* have no application here. There, the existence of a direct conflict of interest between the elected prosecutor and his prior representation of Mr. Nickels was a given. The only question was whether the elected prosecutor could be sufficiently screened from his subordinate employees to ensure the public's confidence in the administration of justice. He could not.

Here, West has failed to show that Kirkham had a direct conflict of interest under RPC 1.7(a)(1). Nor has he sufficiently explained how any appearance of fairness issue could have worked to his detriment—so as to cause prejudice to warrant reversing his convictions. West relies on the prosecutor's comments concerning Kirkham's nameplate being viewable by jurors and the possibility that jurors might see Kirkham in a restricted

4

judge's area.  But any appearance of fairness related to Kirkham's dual roles would be detrimental to the State, not to West.  If any juror knew that Kirkham was a part-time court commissioner, this knowledge would only enhance the credibility of Kirkham's arguments on behalf of West.  This likely explains why the State was the party to raise this "fairness" concern.[3]

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Staab, C.J.                                                        Murphy, J.

---

[3] The State appends to its brief Washington Judicial Ethics Opinion 09-02.  That opinion discusses cannons of *judicial* conduct, not rules of *attorney* conduct, i.e., the RPCs.  West does not argue that Kirkham violated any judicial canon until his reply brief. Issues raised for the first time in a reply brief will not be considered.  *In re Marriage of Bernard*, 165 Wn.2d 895, 908, 204 P.3d 907 (2009).

5